UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF FLORIDA,
PANAMA CITY DIVISION

**MICHAEL A. THOMPKINS,**

    **Plaintiff,**

v.                                                  CASE NO.: _____
                                                       Cir. Court No.: 14-799-CA

**FRANK McKEITHEN in his official
capacity as SHERIFF BAY COUNTY,
FLORIDA**
    **Defendant.**
_____/

## DEFENDANT'S PETITION FOR REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF FLORIDA, PANAMA CITY DIVISION:

COMES NOW, Defendant, Frank McKeithen in his official capacity as Sheriff of Bay County Florida ("Defendant"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446(b), respectfully petitions this Court to assume jurisdiction in the above-captioned matter, and in support thereof states:

1. Plaintiff, Michael A. Thompkins, filed a civil action in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, as styled above (a copy of Plaintiff's Initial Complaint and all other state court filings are attached as exhibits hereto), on or about June 17, 2014. Plaintiff served Defendant with the Initial Complaint on July 31, 2014.

2. Plaintiff's Complaint alleges disability discrimination and raises this action under 29 U.S.C. §§ 794 et seq. and 42 U.S.C. § 1981(a).

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Chapter 760, Florida Statutes, state law claim as both his state and federal claims of

367538

disability discrimination form part of the same case or controversy under Article III of the United States Constitution.

5. Thus, this action may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. § 1441.

6. Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed this Petition for Removal.

7. Pursuant to 28 U.S.C. § 1446(d), and the local rules of this District Court, a true and complete copy of this Petition for Removal has been submitted for filing with the Clerk of the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida.

WHEREFORE, Defendant prays that this Petition for Removal be deemed good and sufficient, and that Plaintiff's Complaint be removed from the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action and proceed as if it had been originally commenced in this Court.

Respectfully submitted this 6th day of August, 2014.

*/s/ R.W. Evans*

**R.W. Evans**
Florida Bar No. 0198862
revans@anblaw.com
**Jason E. Vail**
Florida Bar No. 0014031
jvail@anblaw.com
**Allen, Norton & Blue, P.A.**
906 North Monroe Street
Tallahassee, Florida   32303
(850) 561-3503
(850) 561-0332 (Facsimile)

367538

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic and US Mail to: Marie A. Mattox, Esquire, Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, Florida 32303, this 6th day of August, 2014.

_____
Attorney

367538

Filing # 14930221 Electronically Filed 06/17/2014 09:43:19 PM

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR BAY COUNTY, FLORIDA

MICHAEL A. THOMPKINS,

    Plaintiff,

CASE NO. 14-799CA

vs.

FRANK McKEITHEN in his official
capacity as SHERIFF BAY COUNTY,

    Defendant.

_____

**Summons**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    FRANK McKEITHEN, in his official capacity as SHERIFF
        of BAY COUNTY, FLORIDA
    3421 Florida 77
    Panama City, FL 32404

    Each defendant is required to serve written defenses to the complaint or petition on Marie A. Mattox, P. A., Plaintiff's attorney, whose address is 310 East Bradford Road, Tallahassee, FL 32303, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on ___June 18___, 2014.

CLERK OF THE CIRCUIT COURT

By: _____
    Deputy Clerk.

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR BAY COUNTY, FLORIDA

MICHAEL A. THOMPKINS,

    Plaintiff,

v.

FRANK McKEITHEN in his official
capacity as SHERIFF BAY COUNTY,

    Defendant.
_____/

CASE NO.: 14-
FLA BAR NO. 0739685

## COMPLAINT

Plaintiff, MICHAEL A. THOMPKINS, hereby sues Defendant, FRANK McKEITHEN in his official capacity as SHERIFF BAY COUNTY, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 29 U.S.C. §§794 et seq. and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, MICHAEL A. THOMPKINS, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of his actual or perceived disability.

4. At all times pertinent hereto, Defendant, FRANK McKEITHEN, in his official capacity as SHERIFF BAY COUNTY, has been operating and doing business in the State of

Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that he filed a charge of discrimination with the Florida Commission on Human Relations and the EEOC. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was hired by Defendant as a Correctional Officer.

7. During his employment he was subjected to disparate treatment and treated differently than his co-workers specifically but not limited to a demotion, pay cut, job title, work duties, break time, medical leave, reprimands and termination.

8. The mistreatment came at the hands of Warden Rick Anglin, and Lieutenant Eric Sword. Plaintiff suffers from a serious medical condition as he had his leg amputated in 2003 and had a stroke in 2012. Plaintiff was placed by his doctor on blood thinning medication for a blood disorder.

9. Around October 2012, Plaintiff was told by Defendant that he was a liability and that was the reason he was being transferred/demoted from Correctional Officer to a non-sworn position of Detention Specialist in the Control Room. At the time that he was transferred/demoted, Plaintiff was able to perform the essential functions of his position with Defendant with or without accommodations. Plaintiff remained in that position from October 2012 to February 22, 2013, when he was wrongfully terminated for contrived allegations of policy violations.

10. Plaintiff had no progressive discipline and asserts that his termination was due to either his disability or the perception he was disabled. Defendant has taken action against Plaintiff because of an actual or perceived disability and record of impairment.

11. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under the laws applicable to this action.

## COUNT I
## DISABILITY DISCRIMINATION

12. Paragraphs 1-11 are re-alleged and incorporated herein by reference.

13. This is an action against Defendant for disability discrimination.

14. Plaintiff has been the victim of discrimination on the basis of his actual or perceived disability. Plaintiff was treated differently than similarly situated employees who were not disabled or perceived to be disabled.

15. Defendant is liable for the differential treatment of Plaintiff due to his disability or perceived disability, which differential treatment adversely affected the terms and conditions of Plaintiff's employment with Defendant.

16. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

17. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

18.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

19.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability.

20.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)   that process issue and this Court take jurisdiction over this case;

(b)   that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)   enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)   enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)  enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)  award Plaintiff interest; and

(g)  grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 17th day of June 2014.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
michelle2@mattoxlaw.com
joshua@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

5